Francis J. **KENNETT**, Jr., Petitioner,

v.

**MUNICIPAL COURT, LOS ANGELES JUDICIAL DISTRICT, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, Respondent.**

Civ. No. 68–1680.

United States District Court
C. D. California.

Oct. 16, 1968.

Robert J. Johnston, Pasadena, Cal., for petitioner.

No appearance for respondent.

## ORDER ALLOWING AMENDMENT TO PETITION FOR HABEAS CORPUS AND ORDER DENYING PETITION FOR HABEAS CORPUS

WILLIAM P. GRAY, District Judge.

The petitioner seeks from this court a writ of habeas corpus. The original petition names as respondent Thomas Reddin, the Chief of Police of the City of Los Angeles. The petitioner subsequently has requested of this court that he be permitted to amend the petition by substituting for Chief Reddin the Muncipal Court, Los Angeles Judicial District as respondent. Permission is granted accordingly.

It appears from the petition, which is considerably lacking in clarity and conciseness, that at some time this year, and somewhere in the Los Angeles Judicial District, the petitioner was stopped by a Los Angeles police officer for having made an illegal U-turn. The officer thereupon asked him for his driver's license, which he did not have in his possession because it had been revoked in 1964 by the California Department of Motor Vehicles. It thus becomes evident that the petitioner was in violation of California Vehicle Code § 12951, which requires that the driver of a motor vehicle shall have his driver's license in immediate possession at all times and shall present his license for examination upon demand of a peace officer.

The petitioner presumably responded to the police officer's request by disclosing the fact of such revocation.

In due course, the petitioner was prosecuted for having violated § 14601 of the California Vehicle Code, which makes it unlawful for a person to drive a motor vehicle when his driving privilege has previously been suspended or revoked. He pleaded guilty to such charge and was placed on probation, subject to the condition that he serve a brief sentence in the county jail. The petitioner challenges the constitutionality of his conviction and sentence.

■ The petitioner first contends that his constitutional rights were violated in the course of the proceedings in 1964 which resulted in the revocation of his driver's license. No such attack upon those proceedings may be made in this action. If he wished to contend that his license was improperly revoked, the petitioner had the right to institute proceedings seeking its restoration. But this does not give him a right to drive without a license, which was the conduct on the part of the petitioner from which his present trouble stems.

■ The petitioner also contends that by asking him to display his license without first advising him of his constitutional rights, as required in the *Miranda* doctrine (Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)), the arresting officer violated the petitioner's constitutional rights as set forth in that decision. The short answer to this contention is that the police officer had every right to ask the petitioner to display his license, in light of the requirements of California Vehicle Code § 12951. The police officer could reasonably assume that the petitioner would be carrying his license, in fulfillment of the requirements of that section, and thus there is no reason to suppose that the officer was calling upon the petitioner to make self incriminatory statements.

The petitioner makes other contentions in his petition, all of which this

court has studied, and all of which are deemed to be frivolous. The petition for writ of habeas corpus is accordingly denied, pursuant to 28 U.S.C. § 1915(d).